# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **REGIONS BANK,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:05-cv-97(HL) |
| **FIRST GEORGIA BANKING COMPANY, ROBERT LARRY CARDIN, JEFFREY A. AKERS, and STEVEN LANCE HEMMINGS,** | : : : : | |
| Defendants. | : | |

_____

## ORDER ON PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction came before the Court for hearing on August 25, 2005. As more fully stated on the record following the presentation of evidence and argument, the Court finds that Plaintiff has failed to satisfy its burden in moving for injunctive relief and hereby denies Plaintiff's request.

In order to obtain preliminary injunctive relief, Plaintiff must carry the burden with respect to the following four part test: Plaintiff must show (1) it has a substantial likelihood of prevailing on the merits; (2) it would suffer irreparable harm if the injunctive relief is not granted; (3) the threatened injury to Plaintiff outweighs the damage that Defendants would sustain if the relief is not granted; and (4) granting injunctive relief would not be adverse to the

public interest. *See*, *e.g.*, Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000). The Court finds Plaintiff has failed to satisfy its burden under the four-part test for injunctive relief.

In its Motion, Plaintiff asks the Court to issue a preliminary injunction directing Defendants to return any and all of Plaintiff's confidential business and customer information they may possess and enjoining Defendants from pursuing any business opportunities that may arise from said proprietary information. Plaintiff asserts that Defendants Cardin, Akers and Hemmings, former employees of the Plaintiff, removed confidential bank records and customer information from Plaintiff's possession when Defendants abruptly left their jobs to accept new positions at First Georgia Banking Company. Plaintiff further asserts that Defendants knowingly and maliciously used this information to misappropriate corporate assets in the form of loans that were scheduled to close with Plaintiff that, instead, closed or are in the process of closing with the Defendants. Plaintiff maintains these alleged actions by the Defendants were breaches of their fiduciary duties as well as violations of the Georgia Trade Secrets Act.

In response, Defendants entered sworn testimony declaring they had deliberately removed no confidential business or customer information when they left their employment with Plaintiff. In addition, Defendants returned to Plaintiff in court a minimal number of papers they swore they had accidentally taken into their possession. Defendants also testified they had committed no breaches of fiduciary duty nor any violations of the Georgia Trade Secrets Act.

After considering the evidence and the arguments made by the parties, the Court is of the opinion that the relief sought by Plaintiff should be denied. Although a jury might find Plaintiff's argument persuasive at trial, the Court finds its allegations are not supported by

sufficient evidence at this early stage to rule that Plaintiff has a substantial likelihood of prevailing on the merits. Furthermore, the Court must consider the practical implications of its orders, and since Defendants have sworn under oath that they removed no confidential records from Plaintiff, a court order demanding they return such documents would be an empty command. Finally, the issuance of an injunction banning individuals who choose to bank with Defendants instead of Plaintiff from exercising their desire to do so might be adverse to the public interest. Accordingly, the Motion for Temporary Restraining Order and Preliminary Injunction is hereby **DENIED**.

      **SO ORDERED**, this the 29th day of August, 2005.

                                        s/   Hugh Lawson
                                        **HUGH LAWSON, JUDGE**

pdl